STATE ex rel. J. R. STEWART, Appellant, v. S. G. BOYLES, Appellee.

**OFFICERS:** Board of Supervisors—Qualification—"Holding Over."
A person who is elected at a general election as a member of the board of supervisors (not having theretofore served on said board) for the term commencing in January following said election, is not "holding over," within the meaning of Sec. 411, Code Supp., 1913 (Sec. 522, Code of 1924), as regards another person residing in the same township who is elected to said board at the same election for the term commencing in the second January following said election.

Headnote 1:  15 C. J. p. 451.

*Appeal from Appanoose District Court.*—E. S. WELLS, Judge.

FEBRUARY 10, 1925.

ACTION in quo warranto, to determine the right of the defendant to hold the office of a member of the board of supervisors of Appanoose County. A demurrer to the plaintiff's petition was sustained, and, the plaintiff electing to stand on said petition, judgment was entered dismissing the same; and the plaintiff appeals.—*Affirmed.*

*Mabry & Mabry* and *Porter & Greenleaf,* for appellant.

*W. B. Hays* and *H. E. Valentine,* for appellee.

FAVILLE, C. J.—The board of supervisors of Appanoose County consists of three members. At the November election, 1922, appellee and one Adamson were elected as members of said board of supervisors. Adamson was elected for the term commencing January 2, 1923. Appellee was elected at said election for the term commencing January 2, 1924. At the date of said election, all of said parties were residents of Vermilion Township, in said county. Adamson took his seat as a member of said board on January 2, 1923. The contention of appellant is that appellee was disqualified from taking his seat as a member of the board of supervisors on January 2, 1924, because of the fact that he and Adamson were residents of the same township at the time of the election in 1922, and that Adamson, having qualified January 2, 1923, was holding over as a member of said board on January 2, 1924, when appellee sought to qualify as a member.

Chapter 12, Acts of the Thirty-first General Assembly, repealed Section 411 of the Code of 1897, and enacted the following in lieu thereof:

"At the general election in the year 1906 there shall be elected for a term of two years, members of the county board of supervisors to succeed those whose terms were extended one year by the biennial election amendment. At the general election in the year 1906, and biennially thereafter, there shall be elected

members of the board of supervisors for a term of three years to succeed those whose terms of office will expire on the first Monday in January following said election; there shall also be elected members for a term of three years to succeed those whose terms will expire on the first Monday in January one year later than the aforesaid date. It shall be specified on the ballot when each shall begin his term of office. No member shall be elected who is a resident of the same township with either of the members holding over (but a member-elect may be a resident of the same township as the member he is elected to succeed), except that, in counties having five or seven supervisors, and having therein a township embracing an entire city of thirty-five thousand inhabitants or over, he may be a resident of the same township; and in no case shall there be more than two supervisors from such township.''

The position of appellant is that Supervisor Adamson was elected for the term beginning January 2, 1923, and that he therefore became, within the meaning of this statute, a member of the board of supervisors ''holding over,'' as to the appellee, whose term of office began January 2, 1924. Appellant urges that, under the language of the statute, the time of residence is to be determined as of the date of the election, the statute providing that:

''*No member shall be elected who is a resident of the same township with either of the members holding over.*''

It appears in this case that appellee moved from the township in which he resided at the time of the election, and that, at the time he sought to qualify as a member of the board of supervisors, he was not a resident of the same township as supervisor Adamson, who was elected at the same time that he was, and who took his office the year before.

We cannot enlarge the terms of the statute. The time fixed by the legislature for determining qualification was, for some reason, the time of the *election,* and not the time for taking the office. The prohibition which the legislature saw fit to fix is against the *election* of one from the same township as a member of the board of supervisors ''holding over.'' The legislature evidently was of the opinion that the man who was elected as a member of the board of supervisors from a certain township

would continue his residence in said township during his term of office; and no provision was made in the statute in regard to the situation where a man elected from one township became a resident of another township before the time when he should qualify as a member of the board of supervisors. Appellant's contention is that, under the facts stated, Adamson, who was elected the same day as appellee, but who took office one year before the term of appellee began, was, as to appellee, "holding over," within the meaning of this statute, at the time appellee's term began. As before stated, the legislature fixed the time to determine the qualification of members of the board of supervisors as of the date of the *election*. That is the language of the statute, and no reference to the time of taking office is made therein.

If, at the time of the election, appellee and Adamson were both residents of the same township, and Adamson was then "holding over," as a member of the board of supervisors, the statute would apply according to its terms. This is its language, and we cannot abrogate its provisions by judicial construction. But, at the time of the election, Adamson was not "holding over," and in fact he had never been an incumbent of the office.

Appellant argues, with much force and plausibility, that the purpose of the legislature was to prevent two persons from being members of the board of supervisors who were residents of the same township. If this be deemed to have been the purpose of the legislature, the statute is not free from ambiguity and inconsistency in expressing such purpose. It is not so written.

In view of the fact that elections in this state are held biennially, and that nominations are under the primary system and by different parties, it is obvious that it is difficult to determine the qualifications of a candidate for the office of a member of the board of supervisors under this statute. We are, however, called upon only to construe the statute in the instant case; and, applying it to the facts admitted by the demurrer, and confining our decision solely to the particular facts of this case, we hold that appellee was not disqualified, under the statute, from taking the office as a member of the board of supervisors of Appanoose County, on January 2, 1924; and that at the time

of the election of appellee, Adamson was not ''holding over,'' as a member of the board of supervisors.

It follows that the decree of the district court was correct, and the same is—*Affirmed.*

STEVENS, ARTHUR, and DE GRAFF, JJ., concur.

VERMILION, J., not participating.