ADOLPH ARP, Appellant, v. ALFRED F. LAGE et al., Appellees.

No. 46734.

OCTOBER 16, 1945.

Martin F. McCarthy, Jr., of Davenport, for appellant.

Charles E. Wittenmeyer and W. A. Newport, both of Davenport, for Alfred F. Lage, appellee.

Clark O. Filseth and Robert D. Wells, both of Davenport, for William Goettsch, Harry W. Schiele, Hugo Sierk, Walter Meyer, and W. F. Voss, appellees.

Carl H. Lambach, of Davenport, for Charles Fischer, appellee.

MULRONEY, J.—In 1944 the board of supervisors of Scott county consisted of five members. Two of the members, Arp and Schiele, lived in the city of Davenport, in Davenport town-

ship, while the other three, Goettsch, Sierk, and Meyer, lived in other townships. Davenport is a city of more than thirty-five thousand population. Arp's term expired January 2, 1945, and the terms of Goettsch and Meyer expire January 2, 1946. Under the statute, section 521, Code of 1939, successors to these expiring terms were to be elected at the general election of November 7, 1944. Arp was not a candidate to succeed himself but he was a candidate to succeed Meyer. Goettsch became a candidate to succeed himself. Alfred F. Lage, another resident of Davenport, became a candidate to succeed to Arp's expiring term. Arp, Goettsch, and Lage were all elected. A question arose as to the seating of Arp and Lage. Since Schiele was a resident of Davenport, and Arp and Lage were both residents of Davenport, there would be three Davenport residents on the board if they were both seated, which seemed to be contrary to section 522, paragraph 2, Code of 1939.

On December 27, 1944, Arp brought a declaratory-judgment action against Lage, the board, and the county auditor, seeking to enjoin Lage from being seated and seeking a determination of his (Arp's) status. The trial court held Lage was qualified for the office to which he was elected but Arp was disqualified because of his Davenport residence. Arp has appealed from the decree.

Section 521, Code of 1939, provides for the biennial election of supervisors for three-year terms to succeed the members whose terms will expire on the second secular day of January following the election and the second secular day of January one year later. Section 522 provides:

"No person shall be elected a member of the board of supervisors who is a resident of the same township with any of the members holding over, except that:

"1. A member-elect may be a resident of the same township as a member he is elected to succeed.

"2. In counties having five or seven supervisors two members may be residents of a township which embraces a city of thirty-five thousand population."

It will be noted that section 522 is a general prohibition against the election of persons who are residents of the same

township as holdover members. The prohibition is against the *election* and it is based upon residence at the time of election. State ex rel. Stewart v. Boyles, 199 Iowa 398, 202 N. W. 92. The first exception is as broad and general as the rule of prohibition. In effect, it states that the rule prohibiting the election of a person who resides in the same township as a holdover does not apply if the person is of the same township as the one he is elected to succeed. This means that as to Lage there was no statutory prohibition against his election. He was elected to succeed to Arp's expiring term. He was a resident of the same township as Arp. Section 522 does not prohibit the election of any person who is a resident of the township of the person he is elected to succeed.

The second paragraph of section 522 is a special limitation as to membership on the board in certain counties. It is listed as a second exception to the general prohibition against the election of persons who reside in the same township as a holdover. To give it effect as such a limitation statute, and to give it effect as a special exception to the general prohibition, we must construe it as prohibiting the election of a person not from the same township as the one he seeks to succeed but residing in the same township as a holdover, even if the latter township embraces a city of thirty-five thousand, if such election will result in more than two members from such township.

In other words, a person elected supervisor must be able to show that he is not a resident of the same township as a holdover, or if he is, that he is also a resident of the same township as the one he succeeds, or, in townships with a city of thirty-five thousand, he must show that his election will not result in three members from such township. Because Arp was a resident of the same township as a holdover, and his election will result in three members from the township having the city of thirty-five thousand, his election falls within the prohibition and is invalid.

We recognize that this construction makes the validity of an election in certain instances depend upon the outcome of the election of other candidates for other supervisor offices. But this arises by reason of the difference in the exceptions.

The first is a personal exception, which applies to any candidate who is a resident of the same township as the member he seeks to succeed. The second is not a personal exception. It is based upon a situation. Of course, this situation might vary, depending upon the election or defeat of other candidates. This is the chance one takes who, as one of the prohibited class, seeks office in reliance upon this exception. As a resident of Davenport, Arp knew that there was one board member from that city and one candidate (Lage) from Davenport who was not in the prohibited class. He should have known that he would be in the prohibited class unless he would be able to show that his election would not result in three members from Davenport township. He cannot now argue that Lage's election is the one that makes three from Davenport for Lage did not rely on this exception. Lage relied on the first exception where residence in the same township as a holdover is immaterial so long as the candidate is a resident of the same township as the one he tries to succeed. It is Arp's election that makes three from Davenport. He relied solely on the second exception. Since his election results in three from Davenport it is invalid and the trial court was right in so holding. The decree of the trial court is affirmed.—Affirmed.

MILLER, C. J., and OLIVER, BLISS, GARFIELD, WENNERSTRUM. SMITH, and MANTZ, JJ., concur.

HALE, J., not sitting.