CLAUDE OBERMAN, Appellant, v. HARRY W. HUNT et al.,
Appellees.

No. 47494.

(Reported in 38 N. W. 2d 589)

AUGUST 5, 1949.

Kuhlemeier, Poor, Fischer & Cray, of Burlington, for
appellant.

Dailey & Dailey, of Burlington, for Harry W. Hunt, ap-
pellee.

C. T. Cline, County Attorney, for Des Moines County,
appellee.

Hays, C. J.—This is an action for a declaratory judgment to determine whether Claude Oberman, plaintiff, or defendant Harry W. Hunt is entitled to the office of a member of the Board of Supervisors of Des Moines County, for the three-year term beginning January 2, 1949.

The Board consists of three members elected at large. On January 1, 1947, the Board members with their residence and terms were: Albert L. Biklen, city of Burlington, three-year term beginning January 2, 1945; Claude Oberman, Washington township, three-year term beginning January 2, 1946, and Russell Nau, Danville township, three-year term beginning January 2, 1947. At the general election in 1946, A. L. Biklen was elected to succeed himself for the three-year term beginning January 2, 1948. In May 1947 Biklen died without having qualified for the term which commences on January 2, 1948. George P. Frudeger, a resident of the city of Burlington, was appointed, and he qualified for the vacancy caused thereby.

At the general election in November 1948, Frudeger was elected to fill the unexpired portion of the term commencing January 2, 1948. At the same election Oberman and Hunt, a resident of the city of Burlington, were opposing candidates to succeed Oberman for the term beginning January 2, 1949. Hunt was the successful candidate. On December 22, 1948, Hunt filed his oath and bond and on December 27, 1948, Oberman filed an oath and bond as "a holdover member * * * for the three-year term commencing January 2, 1949." The trial court entered a judgment in favor of Hunt and Oberman has appealed.

I. Appellant contends that under section 39.19 (all references are to the 1946 Code) appellee is ineligible upon the theory that Frudeger is a member of the Board, holding over, and is from the same township as appellee.

Section 39.19, so far as applicable, provides: "No person shall be elected a member of the board of supervisors who is a resident of the same township with any of the members holding over * * *." There are two exceptions to this prohibition but they are not material in the instant case. That the above statute refers to the election and is based upon the residence of the candidate at the time of the election see State ex rel. Stewart v. Boyles, 199 Iowa 398, 202 N. W. 92; Arp v. Lage, 236 Iowa

775, 20 N. W. 2d 12. On election day, November 2, 1948, both appellee and Frudeger were residents of the same township and, if Frudeger was on that date a "member holding over" appellee would not be eligible for the office.

This court has never construed the words "member holding over" as they are used in above-quoted statute. The trial court in its Findings of Fact and Conclusions of Law construes them to mean "a member whose term extends to the second secular day in January, one year later than the date of the general election." This we believe to be the correct construction and we adopt it as our own.

Was Frudeger a member holding over on November 2, 1948? We think not. He was appointed to fill the vacancy caused by the death of A. L. Biklen. Two vacancies existed at that time, under the provisions of section 69.2: (1) for the remainder of the term which ended January 2, 1948, and (2) for the term which commenced on January 2, 1948. The trial court found, and we think correctly under the record, that the appointment in May 1947 was for both vacancies and that Frudeger qualified under the same. He was thus a member of the Board on election day. However, under section 69.11, which provides "an officer filling a vacancy in an office which is filled by election of the people shall continue to hold until the next regular election at which such vacancy can be filled * * *", the term for which he was appointed expired the day following the election on November 2, 1948. The fact that he was elected to finish the term is immaterial. Under our construction of section 39.19, Frudeger, on November 2, 1948, was not a "member holding over" and appellee is eligible for the term commencing January 2, 1949.

Finding no error, the judgment of the trial court should be and is affirmed.—Affirmed.

OLIVER, BLISS, GARFIELD, MULRONEY, SMITH, and WENNERSTRUM, JJ., concur.

MANTZ, J., not sitting.